UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

|  |  |  |
|---|---|---|
| STEPHANIE M. BUSH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 4:06 cv 345 ws/wcs |
| | ) | |
| REGIS CORPORATION, d/b/a | ) | |
| COST CUTTERS, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S NOTICE
## OF AND PETITION FOR REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a) and (c), 28 U.S.C. § 1446, and Local Rule 7.2 of the Local Rules of the United States District Court for the Northern District of Florida, Defendant, REGIS CORPORATION d/b/a SMART STYLE, improperly named in the Complaint as REGIS CORPORATION d/b/a COST CUTTERS, (hereinafter "Regis" or "Defendant"), through its undersigned counsel, hereby requests this Court to remove this action from the Second Judicial Circuit in and for Leon County, Florida, to the United States District Court for the Northern District of Florida, Tallahassee Division. The removal of this action is based upon the following:

1.      On or about June 15, 2006, a civil action was filed in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, which was captioned "STEPHANIE M. BUSH, Plaintiff v. REGIS CORPORATION d/b/a COST CUTTERS, Defendant" (the "Circuit Court case"). The Circuit Court case was assigned case number 06-CA-1436. A copy

OFFICE OF THE CLERK
U.S. DISTRICT CT
NORTHERN DIST FLA

06 JUL 19 AM 10: 19

FILED

of all process, pleadings, motions, and orders then on file in the state court are attached to this notice of removal as Exhibit "A" as required by 28 U.S.C. § 1446(a) and Local Rule 7.2(A).

2.     The Complaint in the Circuit Court case seeks relief for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. and Chapter 760, Florida Statutes.

3.     Defendant was served with the Complaint on or about June 26, 2006.

4.     This action is within original jurisdiction of the United States District Court, pursuant to 28 U.S.C. § 1331, as this civil action arises, in part, under the laws of the United States. *See* 28 U.S.C. § 1331.  Removal of the entire case is appropriate pursuant to 28 U.S.C. § 1441(c).

5.     The United States District Court for the Northern District of Florida, Tallahassee Division, is the division which encompasses Leon County, the county in which the Circuit Court case was filed and in which Plaintiff was employed during her employment with Defendant.  Thus, removal is proper to this Court pursuant to Local Rule 7.2 and 28 U.S.C. §1441.

6.     Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written notice of the removal to all parties to this action, and has filed a copy of this Notice of and Petition for Removal in the Circuit Court for the Second Judicial Circuit in and for Leon County, Florida.

WHEREFORE, Petitioner, REGIS CORPORATION, respectfully prays that the United States District Court for the Northern District of Florida, Tallahassee Division, accept the removal of this action from the State Court and direct the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, to have no further jurisdiction of this matter unless and until this case is remanded.

DATED this 17th day of July, 2006.

Respectfully submitted,

JACKSON LEWIS LLP
390 North Orange Avenue, Suite 1285
Post Office Box 3389
Orlando, Florida 32802-3389
Telephone:    (407) 246-8440
Facsimile:     (407) 246-8441

By: _____

Joanne Lambert
Florida Bar No. 899062

Nicole A. Sbert
Florida Bar No. 0896861

Attorneys     for     Defendant,     REGIS
CORPORATION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of Defendant's Notice of and Petition for Removal has been furnished by U.S. Mail this 17th day of July, 2006 to MARIE A. MATTOX ESQ. and JAMES GARRITY ESQ, Marie A. Mattox, P.A., 310 East Bradford Road, Tallahassee, FL 32303.

_____

Nicole A. Sbert

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

STEPHANIE BUSH,

     Plaintiff,

                             Case No. 06-CA 1436

vs.

MINNESOTA REGIS CORP. d/b/a
COST CUTTERS,
                                **Summons**

     Defendant.
_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

     **MINNESOTA REGIS CORP. d/b/a COST CUTTERS**
     **c/o NRAI Services, Inc., Registered Agent**
     **2731 Executive Park Drive, Suite 4**
     **Weston, FL 33331**

     Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     DATED on _____6 . 15_____, 2006.     BOB INZER, CLERK

                            CLERK OF THE CIRCUIT COURT

                            By:_____

                            Deputy Clerk

IN
COMPUTER
DS

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
LEON COUNTY, FLORIDA

CASE NO. 06-CA 1436
FLA. BAR NO. 0739685

STEPHANIE M. BUSH,

      Plaintiff,

vs.

MINNESOTA REGIS CORP. d/b/a
COST CUTTERS

      Defendant.

_____/



## AMENDED COMPLAINT

      Plaintiff, STEPHANIE M. BUSH, hereby sues Defendant, MINNESOTA REGIS CORP. d/b/a COST CUTTERS and alleges:

      1.    This is an action brought pursuant to 42 U.S.C. §2000(e) et seq, Title I of the Civil Rights Act of 1991, and Chapter 760, Florida Statutes.

      2.    This is an action for damages that exceed Fifteen Thousand Dollars (15,000.00).

      3.    Damages together with declaratory, injunctive, and equitable relief are sought under the law set forth herein. Costs and attorneys fees may be awarded under these laws as well.

      4.    Plaintiff is a member of a class protected by law because of her religion, i.e., Jehovah's Witness and her race, African American.

      5.    Plaintiff has, at all times pertinent hereto, been a resident of Tallahassee, Florida. She is thus *sui juris*.

      6.    At all times pertinent hereto, Defendant was conducting business in Florida and was conducting business as Cost Cutters. During the time period applicable hereto, Defendant was doing



business in Leon County, Florida and was an "employer" as that term is defined under the applicable statutes and rules.

7.    Plaintiff was initially employed with Defendant in August, 1999.   During her employment with Defendant beginning in or around late 2004, Plaintiff was the victim of discrimination on the basis of her race and religious beliefs. By way of example only, in or around 2004, after Plaintiff's manager was involved in an accident and no longer able to work, a white supervisor, Rae King, began complaining about Plaintiff's work schedule, which accommodated Plaintiff's religious needs. Plaintiff was thereafter given a new schedule. Before the new schedule took effect, however, Rae King went around to other employees of Defendant and stated that she could not "wait to see a certain person's face when they find out they have to close and work Sundays" referring to Plaintiff.

8.    Additionally, Rae King refused on occasion to refer white customers to Plaintiff for hair cuts and styling.

9.    Because of the facts set forth in part above, Plaintiff requested a transfer to another of Defendant's locations so that she would not have to be under the supervision of Rae King, who was well aware that Plaintiff was a Jehovah's Witness and needed accommodation for her religious needs/affiliations. Prior to Rae King becoming Plaintiff's supervisor, Plaintiff's religious needs were accommodated.

10.    Plaintiff was transferred thereafter to another location of Defendant in or around early January, 2005 after which she advised her supervisor that she needed April 16, 2005 off work to attend an important religious event. Plaintiff also asked if another employee could be assigned to work on April 16, 2005 because Plaintiff needed that day off. Plaintiff was told, however, by her

2

supervisor that she "knew the consequences" if Plaintiff did not come into work and that she was not obligated to accommodate Plaintiff for any dates other than allowing her to have Sundays off.

11.    On March 30, 2005, Plaintiff was unfairly written up for leaving an hour early the day before. Plaintiff had never, prior to that time, been written up but on March 30, 2005, she received a "final" write up. Other employees who are white left early were not written up or if they were, they received warnings, not final write ups.

12.    Because of the actions set forth in part above, Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and EEOC on May 5, 2005. She was constructively terminated thereafter due to a hostile and retaliatory environment in which a reasonable person would have felt compelled to resign.

13.    Plaintiff has satisfied all conditions precedent to filing this action in that she filed an administrative charge of discrimination with the Florida Commission on Human Relations and EEOC, has waited the requisite number of days prior to filing this action after filing her administrative charge of discrimination under Chapter 760, Florida Statutes, and attaches her Notice of Right to Sue from the EEOC permitting this claim under federal law.

14.    Plaintiff has retained the undersigned to represent her interest in this proceeding and is obligated to pay her a reasonable fee for her services. Defendant should be made to pay said fee and any costs associated with this action and the underlying administrative proceeding.

## COUNT I

### RELIGIOUS DISCRIMINATION

15.    Paragraphs 1 through 14 are hereby realleged and incorporated herein.

3

16.     This action is brought under 42 U.S.C. §2000(e) et seq. and Chapter 760, Florida Statutes, for discrimination based on religion.

17.     Defendant, through its agents, employees, and assigns, refused to accommodate Plaintiff's religious needs and then took action against her described in part above due to her religion and/or requests for accommodation.  There would have been no undue hardship on Defendant to accommodate Plaintiff's religious needs/concerns.  At all times pertinent hereto, Plaintiff remained qualified for the position she filled with Defendant.

18.     Defendant knew or should have known of its violation of the applicable laws as it knew that Plaintiff was requesting accommodations of her religious needs/concerns and it utterly failed to abide by said laws, electing instead to take adverse action against Plaintiff by way of a reprimand and ultimately, her constructive termination.  Defendant thus knowingly condoned and ratified the discrimination/ failure to accommodate Plaintiff. Defendant's known allowance and ratification of it's agents and employees conduct created, perpetuated and facilitated an unlawful employment practice as described in the laws referenced above.

19.     Defendant's conduct and omissions constitutes discrimination and unlawful employment practices within the meaning of the laws set forth above.

20.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other fringe benefits.  These damages have occurred in the past, are permanent and continuing.

4

## COUNT II

### RACE DISCRIMINATION

21.     Paragraphs 1-14 are realleged and incorporated herein by reference.

22.     This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes and 42 U.S.C. §2000e et seq..

23.     Plaintiff has been the victim of discrimination on the basis of her race in that she was treated differently than similarly situated white employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of her race.

24.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.   Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

25.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race based nature and in violation of the laws set forth herein.

26.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's constructive termination.

5

27.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes, and 42 U.S.C. §2000e et seq..

28.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.

## COUNT III

### RETALIATION

29.     Paragraphs 1-14 are hereby realleged and reincorporated as if set forth in full herein.

30.     Defendant is an employer as that term is used under the applicable statutes referenced above.

31.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under 42 U.S.C § 2000e *et seq.*, Title I of the Civil Rights Act of 1991 and Chapter 760, Florida Statutes.

32.     The foregoing unlawful actions by Defendant were purposeful.

33.     Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above. The events set forth herein lead, at least in part, to Plaintiff's constructive termination.

6

34.     Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

35.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  These damages are continuing and are permanent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of federal law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f)     grant such other further relief as being just and proper under the circumstances

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

7

DATED this 15 day of June, 2006.

MARIE A. MATTOX, P. A.

310 East Bradford Road
Tallahassee, FL 32303
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)

_____
Marie A. Mattox
ATTORNEYS FOR PLAINTIFF

8

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **Stephanie M. Bush**
**4115 Blindbrook Court**
**Tallahassee, FL 32303**

From: **Miami District Office - 510**
**2 South Biscayne Blvd**
**Suite 2700**
**Miami, FL 33131**

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a)) .

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **15D-2005-00623** | **James  Colon, State & Local Coordinator** | **(305) 808-1780** |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

MAR  8 2006

Enclosure(s)

**Federico  Costales,**
**District Director**

(Date Mailed)

cc:  **REGIS CORPORATION**
**Andrea Guenther-Pal, Esquire**
**7201 Metro Boulevard**
**Minneapolis, MN 55439**

**Marie  Mattox, Esquire**
**310 E Bradford Road**
**Tallahassee, FL 32303**

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

STEPHANIE M BUSH

CASE NO: 2006 CA 001436

          Plaintiff(s),

vs.

REGIS CORPORATION, D/B/A
COST CUTTERS

          Defendant(s).



## **INITIAL CASE MANAGEMENT ORDER**

The Rules of Judicial Administration encourage the speedy, just and inexpensive resolution of cases, and impose upon the trial court the duty to monitor and manage the cases in order to achieve this goal.  To this end, it is **ORDERED:**

1. SERVICE OF CASE MANAGEMENT ORDER: Plaintiff(s) shall serve a copy of this order contemporaneously with service of the complaint or petition upon Defendant(s), who shall thereafter do likewise for Third Party Defendant(s), if any.  An Affidavit of Service shall be filed with the Clerk.

2. DISCOVERY:

A.  Required Disclosures - Within 30 days of service of the Complaint or Petition, for Plaintiff, and 45 days for Defendants, the parties shall disclose:

(1) All witnesses known to have information about the case, including their addresses and phone numbers; and



1

(2) any documents the parties intend to rely upon in the presentation of their claim or defense.

Third parties or parties subsequently added shall disclose the above information within 45 days after appearance or 15 days after disclosure by the opposing party, whichever is longer.

B. Deadline for Other Discovery - All other discovery should be conducted so that the due date for any discovery requested shall not be later than 210 days from the date of this Order.  Discovery beyond this period is permitted only by court order, upon a showing of good cause and due diligence.  The filing of a stipulation or motions, including a motion to extend the discovery period, will not toll or extend the discovery period.

3. CONFERENCE OF THE PARTIES AND CASE MANAGEMENT REPORT: Counsel of record and any unrepresented parties shall confer personally or by phone, within 45 days from the date of this Order.  Within 15 days of that conference, the parties will file a Joint Case Management Report (JCMR) with the Court (original to the Clerk, hard and electronic copy to Judge). If service has not been made by this date, then a report will be made by the Plaintiff(s) only, setting forth the efforts made to effect

service and the anticipated date by which the JCMR can be filed. The JCMR shall address the issues described below:

A. The names, addresses, phone numbers, fax numbers and e-mail addresses for all counsel and unrepresented parties, and the designation of lead counsel for each party where appropriate.

B. The nature and basis of all claims and defenses, and a good faith attempt to identify the principal factual and legal issues in dispute, and those that are not.

C. The status of the pleadings, and the issues of service of process, jurisdiction, venue, joinder of additional parties, and the identification of any pending motions directed to the pleadings.

D. A discovery plan for the case including:

(1) The nature, order and timing of various forms of discovery, and the date by which all discovery will be completed, specifically addressing whether the provisions of this Order relative to discovery should be modified.

(2) The procedure or protocol for scheduling fact and expert depositions;

(3) Anticipated areas of expert testimony, timing for identification of experts, responses to expert discovery, and exchange of expert reports;

(4) An estimate of the volume of documents and computerized information likely to be the subject of discovery and whether there are technological means which may render document discovery more manageable and at an acceptable cost.

E.  The advisability of using a special master for fact finding, discovery coordination and facilitation, alternative dispute resolution, or other matters.

F.        The possibility of settlement and any preference the parties may have regarding the particular form or timing of alternative dispute resolution (such as mediation, arbitration, and summary trials).

G.  A good faith estimate by counsel for each party based upon consultation with all of the parties as to the cost each party is likely to incur pursuing the litigation through trial.

H. A good faith estimate as to when the case will be ready for trial (month and year), number of days required for trial, and whether it will be jury or non jury.  It is anticipated that most cases can be ready for trial within ten to twelve months from the date of filing.  Cases which are more complex, by virtue of the factual or legal issues or the number of parties involved may require additional time before they are ready for trial.  If the proposed date for trial is more than twelve months from the date of this Order, the parties should explain why the additional preparation time is necessary.  If the case is not yet at issue at the time of the conference, the parties shall promptly notify the court when the pleadings are closed so that the matter may be scheduled for a specific trial period.

I. Any other matters that should be disclosed to the Court about the case in order to facilitate its prompt and efficient resolution.

4

J. The Plaintiff has the responsibility of initiating arrangements for the conference and filing the report, but all parties are equally responsible for insuring that the conference is held and the report is timely filed. If the parties are unable to agree on any provision of the report each party's position will be set out in the report. Any failure or refusal of any party to cooperate in the compliance with this Order should be made known to the Court by written motion or request for a status conference.

K. With good cause shown, any party may request an extension of time with which to comply with this Order. Such request must be by written motion, stating the grounds therefore, and setting forth the facts establishing due diligence, including due diligence in effectuating service where one or more defendants have not been served.

L. The parties are directed to comply in all respects with the policies and procedures adopted from time to time by the presiding judge, and located at www.2ndcircuit.leon.fl.us.

M. Action on Report - The Court will promptly consider the joint report and will take one of the following courses of action:

(1) Enter a second Case Management Order by modifying this initial Order as deemed appropriate in light of the parties' joint report, or by confirming the requirement of this Order.

(2) Set the matter for a case management conference.

(3) This initial Case Management Order will continue in full force and effect until such further Order of the Court.

(4) Any party may request, by written motion, a case management conference pursuant to Rule 1.200.

DONE AND ORDERED this June 6, 2006.

_____
CIRCUIT JUDGE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Plaintiff or Plaintiff's representative, on June 6, 2006, by (hand delivery) (mail) (electronically).

Bob Inzer, Clerk of Court

By: _____
Deputy Clerk

6

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
LEON COUNTY, FLORIDA

CASE NO. 06- 1436
FLA. BAR NO. 0739685

STEPHANIE M. BUSH,

    Plaintiff,

vs.

REGIS CORPORATION, d/b/a
COST CUTTERS

    Defendant.

_____/

## COMPLAINT

    Plaintiff, STEPHANIE M. BUSH, hereby sues Defendant, REGIS CORPORATION, d/b/a

COST CUTTERS and alleges:

    1.    This is an action brought pursuant to 42 U.S.C. §2000(e) et seq, Title I of the Civil

Rights Act of 1991, and Chapter 760, Florida Statutes.

    2.    This is an action for damages that exceed Fifteen Thousand Dollars (15,000.00).

    3.    Damages together with declaratory, injunctive, and equitable relief are sought under

the law set forth herein. Costs and attorneys fees may be awarded under these laws as well.

    4.    Plaintiff is a member of a class protected by law because of her religion, i.e.,

Jehovah's Witness and her race, African American.

    5.    Plaintiff has, at all times pertinent hereto, been a resident of Tallahassee, Florida. She

is thus *sui juris*.

    6.    At all times pertinent hereto, Defendant was conducting business in Florida and was

conducting business as Cost Cutters. During the time period applicable hereto, Defendant was doing



business in Leon County, Florida and was an "employer" as that term is defined under the applicable statutes and rules.

7.     Plaintiff was initially employed with Defendant in August, 1999.    During her employment with Defendant beginning in or around late 2004, Plaintiff was the victim of discrimination on the basis of her race and religious beliefs. By way of example only, in or around 2004, after Plaintiff's manager was involved in an accident and no longer able to work, a white supervisor, Rae King, began complaining about Plaintiff's work schedule, which accommodated Plaintiff's religious needs. Plaintiff was thereafter given a new schedule. Before the new schedule took effect, however, Rae King went around to other employees of Defendant and stated that she could not "wait to see a certain person's face when they find out they have to close and work Sundays" referring to Plaintiff.

8.     Additionally, Rae King refused on occasion to refer white customers to Plaintiff for hair cuts and styling.

9.     Because of the facts set forth in part above, Plaintiff requested a transfer to another of Defendant's locations so that she would not have to be under the supervision of Rae King, who was well aware that Plaintiff was a Jehovah's Witness and needed accommodation for her religious needs/affiliations. Prior to Rae King becoming Plaintiff's supervisor, Plaintiff's religious needs were accommodated.

10.     Plaintiff was transferred thereafter to another location of Defendant in or around early January, 2005 after which she advised her supervisor that she needed April 16, 2005 off work to attend an important religious event. Plaintiff also asked if another employee could be assigned to work on April 16, 2005 because Plaintiff needed that day off. Plaintiff was told, however, by her

2

supervisor that she "knew the consequences" if Plaintiff did not come into work and that she was not obligated to accommodate Plaintiff for any dates other than allowing her to have Sundays off.

11.     On March 30, 2005, Plaintiff was unfairly written up for leaving an hour early the day before. Plaintiff had never, prior to that time, been written up but on March 30, 2005, she received a "final" write up. Other employees who are white left early were not written up or if they were, they received warnings, not final write ups.

12.     Because of the actions set forth in part above, Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and EEOC on May 5, 2005. She was constructively terminated thereafter due to a hostile and retaliatory environment in which a reasonable person would have felt compelled to resign.

13.     Plaintiff has satisfied all conditions precedent to filing this action in that she filed an administrative charge of discrimination with the Florida Commission on Human Relations and EEOC, has waited the requisite number of days prior to filing this action after filing her administrative charge of discrimination under Chapter 760, Florida Statutes, and attaches her Notice of Right to Sue from the EEOC permitting this claim under federal law.

14.     Plaintiff has retained the undersigned to represent her interest in this proceeding and is obligated to pay her a reasonable fee for her services. Defendant should be made to pay said fee and any costs associated with this action and the underlying administrative proceeding.

## COUNT I

## RELIGIOUS DISCRIMINATION

15.     Paragraphs 1 through 14 are hereby realleged and incorporated herein.

16.     This action is brought under 42 U.S.C. §2000(e) et seq. and Chapter 760, Florida

3

Statutes, for discrimination based on religion.

17.     Defendant, through its agents, employees, and assigns, refused to accommodate Plaintiff's religious needs and then took action against her described in part above due to her religion and/or requests for accommodation. There would have been no undue hardship on Defendant to accommodate Plaintiff's religious needs/concerns. At all times pertinent hereto, Plaintiff remained qualified for the position she filled with Defendant.

18.     Defendant knew or should have known of its violation of the applicable laws as it knew that Plaintiff was requesting accommodations of her religious needs/concerns and it utterly failed to abide by said laws, electing instead to take adverse action against Plaintiff by way of a reprimand and ultimately, her constructive termination. Defendant thus knowingly condoned and ratified the discrimination/ failure to accommodate Plaintiff. Defendant's known allowance and ratification of it's agents and employees conduct created, perpetuated and facilitated an unlawful employment practice as described in the laws referenced above.

19.     Defendant's conduct and omissions constitutes discrimination and unlawful employment practices within the meaning of the laws set forth above.

20.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other fringe benefits. These damages have occurred in the past, are permanent and continuing.

## COUNT II

## RACE DISCRIMINATION

4

21.     Paragraphs 1-14 are realleged and incorporated herein by reference.

22.     This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes and 42 U.S.C. §2000e et seq..

23.     Plaintiff has been the victim of discrimination on the basis of her race in that she was treated differently than similarly situated white employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of her race.

24.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.   Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.  Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

25.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race based nature and in violation of the laws set forth herein.

26.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's constructive termination.

27.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes, and 42 U.S.C. §2000e et seq..

5

28.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.

## COUNT III

### RETALIATION

29.     Paragraphs 1-14 are hereby realleged and reincorporated as if set forth in full herein.

30.     Defendant is an employer as that term is used under the applicable statutes referenced above.

31.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under 42 U.S.C § 2000e *et seq.*, Title I of the Civil Rights Act of 1991 and Chapter 760, Florida Statutes.

32.     The foregoing unlawful actions by Defendant were purposeful.

33.     Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above. The events set forth herein lead, at least in part, to Plaintiff's constructive termination.

34.     Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

35.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment,

6

humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  These damages are continuing and are permanent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

      (a)     that process issue and this Court take jurisdiction over this case;

      (b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

      (c)     enter judgment against Defendant and for Plaintiff awarding  damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

      (d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of federal law enumerated herein;

      (e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

      (f)     grant such other further relief as being just and proper under the circumstances

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this _u_ day of June, 2006.

7

MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)

_____
Marie A. Mattox
ATTORNEYS FOR PLAINTIFF

8

EEOC Form 161-B (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | **Stephanie M. Bush**<br>**4115 Blindbrook Court**<br>**Tallahassee, FL 32303** | From: | **Miami District Office - 510**<br>**2 South Biscayne Blvd**<br>**Suite 2700**<br>**Miami, FL 33131** |
|---|---|---|---|

| | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR § 1601.7(a))* | | |

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **15D-2005-00623** | **James Colon, State & Local Coordinator** | **(305) 808-1780** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Federico Costales,**
**District Director**

MAR 6 2006

*(Date Mailed)*

Enclosure(s)

cc: **REGIS CORPORATION**
**Andrea Guenther-Pal, Esquire**
**7201 Metro Boulevard**
**Minneapolis, MN 55439**

**Marie Mattox, Esquire**
**310 E Bradford Road**
**Tallahassee, FL 32303**

## LEON COUNTY CIRCUIT COU
## CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form is required  for the use of the Clerk of Court for the purpose of reporting judicial workload data.

I.     CASE STYLE

PLAINTIFF:   STEPHANIE BUSH,                           CASE NO.:  _____06 CA 1436____

vs.                                                    JUDGE:  _____Lewis_____

DEFENDANT: REGIS CORP d/b/a COST
CUTTERS

---

II.    TYPE OF CASE        (Place an X in one box only.  If the case fits more than one type of case, select the most definitive.

| | | | | |
|---|---|---|---|---|
| 1.  [ ] Professional Malpractice | (PRMP) | 2.  [ ] Product Liability | (PROL) |
| 3.  [ ] Auto Negligence | (AUNG) | 4.  [ ] Other Negligence | (OTNG) |
| 5.  [ ] Condominium | (COND) | 6.  [ ] Contract and Indebtedness | (CONT) |
| 7.  [ ] Real Property | (RPMF) | 8.  [ ] Eminent Domain | (EMDO |
| [ ] Mortgage Foreclosure | (MTFC) | | |
| 9.  [ ] Appeal from County Court | (APCO) | 10. [ ] Reopen | (REOP) |
| 11.  Other: | | | |
| a.  [X] Discrimination | (DISC) | b.  [X] Equitable Relief | (EQRL) |
| c.  [ ] Estreature | (ESTR) | d.  [ ] Foreign Judgment | (FRJU) |
| e.  [ ] Writ of Habeas Corpus | (HBCP) | f.  [ ] Insurance Receiverships | (INRC) |
| g.  [ ] Jimmy Ryce | (RYCE) | h.  [ ] Writ of Mandamus - | (WRMAD) |
| | | - Civil Cases | |
| i.  [ ] Alternate Writ of Mandamus | (AWOM) | j.  [ ] | (OTHR) |
| | | Other_____ | |

III.     Is Jury Trial Demanded in Complaint?

[XX ] YES

[ ] NO

Date: June 6, 2006

Fla Bar No. 0739685

Signature of Attorney for Party Initiating Action:

Marie A. Mattox of Marie A. Mattox, P.A.

